The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, AR 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for an opinion regarding the Public School Library Media and Technology Act (Act 1786 of 2003, codified at A.C.A. § 6-25-101—106 (Supp. 2003)). You have asked the following questions concerning this legislation:
 1. Could you define what duties specifically can be performed during the 2 hours designated as administrative time?
 2. Can the Media Services Specialist or Librarian check out books to kids at that time or will an aid need to be hired?
RESPONSE
With regard to your first question, I am unable to define the specific duties, in the absence of a legislative definition of "administrative tasks." It is my opinion in response to your second question that as long as this contemplates checking out books on an irregular, as-needed basis, this function is reasonably included in the minimum two hours allotted to the library media specialist/librarian as an "information specialist," and there should be no need to hire an aid for this purpose. The limitation with respect to "elementary class sessions" must, however, be recognized, as discussed more fully below.
I believe it will be helpful to set out the pertinent statutory provisions before addressing your questions. The General Assembly has expressed its intent under the Public School Library Media and Technology Act to "articulate the functions served by each of the components of a school library media services program[,]" and for "library media specialists" to be "given time to fulfill their responsibilities . . ." A.C.A. § 6-25-101(a) and (c). A "library media services program" is defined as "a program of information and media services in schools delivered by a library media specialist." A.C.A. § 6-25-103(a). According to my understanding, this legislation establishes the functions served by the public school library. Only "trained and certified library media service program personnel" may be assigned the duties of the "library media specialist." A.C.A. § 6-25-104. I am informed that persons licensed by the State Board of Education as public school librarians meet this requirement. Consequently, the librarian and the library media specialist are one-and-the-same, and when you refer in your second question to the "Media Services Specialist or Librarian," I assume you are using these terms interchangeably to reference the same personnel.
Pursuant to this legislation, a "library media specialist" serves as an "information specialist," an "instructional consultant," and a "teacher of information and technology skills." A.C.A. § 6-25-103. A "primary job function" is specified for each of these job categories, including "instruction in the use of the library media center" under both "information specialist" and "teacher of information and technology skills." Id. The term "administrative time" in your first question pertains to the library media specialist's role as "information specialist," and has reference to the following language contained in §6-25-103:
 (b)(1) No less than one-third (1/3) of the library media specialist's time shall be spent as an information specialist, allowing time for administrative tasks such as ordering books and materials, processing items for usage, planning finances and accountability, organizing, directing, and evaluating the library media program, and other management duties.
A.C.A. § 6-25-103(b)(1) (Supp. 2003).
As reflected in your first question, the one-third time period addressed in this provision translates to two hours, based on a six-hour school day. See A.C.A. § 6-16-102 (Rep. 1999). The legislature has thus required that a minimum of two hours be devoted to the library media specialist's duties as an "information specialist," apparently in order to allow time for "administrative tasks" associated with the library media services program. Your first question pertains to these tasks. You have asked:
Question 1 — Could you define what duties specifically can be performedduring the 2 hours designated as administrative time?
I must decline to define specific duties in this regard, where the legislature has elected not to supply a specific definition. The Attorney General, as a member of the executive branch of government, is not authorized to supply a statutory definition in instances in which the General Assembly has not done so. I must refer you instead to the statutory language, which lists as examples of "administrative tasks" such duties as "ordering books and materials, processing items for usage, planning finances and accountability, organizing, directing, and evaluating the library media program[.]" The illustrative list is not exhaustive, as further evidenced by the reference to "other management duties." Thus, duties similar to those listed, or which constitute management duties of this nature, are included. I cannot, however, define specific duties.
Question 2 — Can the Media Services Specialist or Librarian check outbooks to kids at that time or will an aid need to be hired?
It must first be noted in addressing this question that the minimum two hours identified in A.C.A. § 6-25-103(b)(1), supra, is not scheduled in any particular manner or otherwise specified as a discrete period or block of time. Strictly speaking, the statute does not specifically designate any period as "administrative time." It requires that "[n]o less than one-third (1/3) of the library media specialist's time shall be spent as an information specialist, allowing time for administrative [matters]. . . ." Id. Based on this language, I believe it is more accurate to state that the time allowed for administrative tasks is "designated" in the sense that the legislature has required a minimum of two hours for the job function of "information specialist" so as to allow the library media specialist sufficient time to fulfill administrative functions. The actual scheduling of this time to be spent as an "information specialist" is presumably a matter for each district.
A specific limitation attends this matter, however. Subsection (a)(1) of § 6-25-103, in addressing the job function of an information specialist, provides:
 Elementary class sessions for a library media specialist shall be limited as provided under subdivision (b)(1) of this section[.]
A.C.A. § 6-25-103(a)(1)(E) (emphasis added).
I interpret this to mean that elementary class sessions conducted by the library media specialist cannot interfere with or infringe upon the minimum two hours allotted under subsection (b)(1). With this exception, however, there are no specific guidelines on how to schedule the "information specialist's" time.
Turning to your question whether books can be checked out during this time, it is my opinion that this would only be a problem if the library media specialist was not otherwise afforded sufficient time as information specialist to perform administrative tasks. While fact questions could thus conceivably arise, checking out books to students occasionally, on an as-needed basis, presumably would not interfere with administrative functions to such an extent. The specific limitation with respect to "elementary class sessions" must, however, be recognized.[1]
As indicated above, these sessions must be scheduled apart from the minimum two hours required under § 6-25-103(b)(1).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] It may also be necessary to reference a district's personnel policies for any policies, guidelines, regulations or procedures that might impact this question concerning the library media specialist's job function as an "information specialist." See generally A.C.A. § 6-17-201et seq. (Supp. 2003) (establishing requirements and procedures with respect to school districts' written personnel policies).